**NEW YORK BRICK HANDLING CORPORATION v. JOHN P. CALLAGHAN, Inc.**

**No. 4648.**

Circuit Court of Appeals, Third Circuit.

March 1, 1932.

C. P. Goepel, of New York City, Charles R. Fenwick and Joseph Dugan, both of Washington, D. C., and W. Holt Apgar, of Trenton, N. J., for appellant.

Munn, Anderson, Stanley, Foster & Liddy, of New York City, and Arthur T. Vanderbilt, of Newark, N. J. (Samuel W. Foster, Sylvester J. Liddy, and Albert J. Clark, all of New York City, of counsel), for appellee.

Before WOOLLEY and DAVIS, Circuit Judges, and JOHNSON, District Judge.

DAVIS, Circuit Judge.

This is an appeal from a decree of the District Court dismissing the bill of complaint on the ground that the defendant did not infringe the plaintiff's letters patent No. 1,192,504, issued July 25, 1926, relating to brick lifters.

The validity of the patent was not adjudicated and infringement alone is involved here.

The plaintiff's device is a lifter designed to move, in one operation, a stack of bricks, such as a wagon load, from place to place. Only claim 1 is in issue, which reads as follows: "1. A brick handling apparatus adapted to be positioned adjacent a pile of brick comprising a plurality of superimposed rows, a frame having U-shaped arms depending for a greater length than the height of brick pile to be lifted, means on the lower end portions of the depending members on one side of the stack adapted to engage the bottom row of the brick stack at a plurality of points, and means to exert a compressive tension on said bottom row between the depending members to lift the entire stack upon application of lifting power to said frame."

The lifter consists of a series of inverted

U-shaped arms attached to a rigid frame which is lowered about a stack of bricks. The arms of the rigid frame are shorter on one side than on the other; and on the lower end of the shorter arm, a presser foot is connected pivotally. The presser foot is actuated by a sleeve, and between the two is a coiled spring to provide a cushioning pressure when the sleeve is forced inwardly toward the stack of bricks. The power to actuate the sleeve, and thence the presser foot, comes from a lifting bail which is connected to a pivoted crossbar, and the crossbar in turn to a vertical bar on the end of which the sleeve is suspended.

Thus, the lower ends of the longer arms of the frame, that is, the arms opposite the presser feet, are placed adjacently to the bottom row of a stack of bricks and the bail is lifted; whereupon, through the arrangement of the pivoted bars, each presser foot is forced inwardly by the sleeve and grasps the adjacent bricks. The pressure extends through the bottom row of bricks until it is met by the rigid arm on the opposite side, and since this forms a firm foundation of the bottom row of bricks for the other layers to rest upon, the device is thereby enabled to lift the whole of the stack in one operation.

Obviously, to lift a stack of bricks, the plaintiff depends entirely upon pressure exerted by presser feet through the bottom row of the stack upon the longer rigid arm of the frames. The defendant's brick lifter is not built on a rigid frame, but is actually a large pair of tongs operating as a grapple in the manner of ordinary ice tongs.

The two jaws are pivoted to a crossbar and arranged so that when certain linkage is pulled upwardly the lower end of both jaws will swing inwardly to grab the bottom row of a stack of bricks. The lower end of the inner face of both jaws is lined with a series of small spring pressed buttons, or plungers, several for each brick, the purpose of which is merely to compensate for the uneven surface and thickness of each brick.

The plaintiff contends that defendant's structure embodies the patented entity set forth in claim 1. But this claim, as the learned district judge found, is limited to a rigid frame having a series of U-shaped arms with presser feet attached to the lower end of one side of the frame to clamp a stack of bricks in the frame. The claim reads: "Means on the lower end portions of the depending members *on one side* of the stack adapted to engage the bottom row of the brick stack at a plurality of points." No construction of that language can include the *double grasp* of the tong principle.

The patentee relinquished any claim to a pair of pivoted gripping jaws, such as are in the defendant's apparatus. He included double jaws in the original claim 2 of his application, but he voluntarily canceled this claim after being advised by the Patent Office that it was anticipated. This amounted to a disclaimer and justifies a strict construction of the patent. McCarty v. Lehigh Valley Railroad Co., 160 U. S. 110, 16 S. Ct. 240, 40 L. Ed. 358; Hubbell v. United States, 179 U. S. 77, 21 S. Ct. 24, 45 L. Ed. 95; Weber Electric Co. v. E. H. Freeman Electric Co., 256 U. S. 668, 41 S. Ct. 600, 65 L. Ed. 1162.

The patent, if valid, about which we express no opinion, is limited by the prior art to the combination it described, and as thus limited, the defendant does not infringe.

The decree of the District Court dismissing the complaint is affirmed.